**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HUNG THANH PHAN,

Petitioner,

v. Case No. 3:26-cv-1043-MMH-PDB

SCOTTY RHODEN, et al.,

Respondents.

---

**ORDER**

**I. Status**

Petitioner Hung Thanh Phan initiated this action through counsel by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on April 28, 2026 (Doc. 1).[1] The Federal Respondents filed an Opposition (Doc. 6) arguing, in pertinent part, that Phan's claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), was premature. On June 9, 2026, Phan filed an unopposed motion for leave to file an amended and/or supplemental petition (Doc. 9), which the Court granted (Doc. 10). Thus, Phan is proceeding on an "Amended and Supplemental Petition" (Doc. 11; Amended Petition) filed on June 17, 2026.

---

[1] At the time Phan filed the Petition, United States Immigration and Customs Enforcement (ICE) was housing Phan at Baker County Detention Center in Baker County, Florida. See Doc. 11 at 6. After the Petition was filed, ICE transferred Phan to a detention facility in California. Id.

The Federal Respondents filed an Opposition to Amended Petition (Doc. 13), and Phan filed a counseled Reply (Doc. 16). This case is ripe for review.

## II. Amended Petition

Phan, a citizen of Vietnam, alleges that he entered the United States as a six-year-old child in 1978. See Amended Petition at 10. In 1997, Phan entered a guilty plea to an offense involving a controlled substance in state court, but he has no other criminal convictions. Id. at 11. In 2012, the Department of Homeland Security (DHS) initiated removal proceedings, and an immigration judge ordered Phan removed in 2014. Id. at 11-12. Following entry of his order of removal, Phan remained in the United States on an Order of Supervision (OSUP) for more than a decade. See id. at 12. Despite his full compliance with the conditions of his OSUP, ICE detained Phan on December 15, 2025. Id. at 14. At the time Phan filed this case, he had been detained for 134 days; when he filed the Amended Petition, he had been detained for 184 days.

The crux of Phan's claims are that Respondents unlawfully revoked his OSUP and that his continued detention violates Zadvydas v. Davis, 533 U.S. 678 (2001), and due process. See Amended Petition at 30-41. As relief, he seeks, inter alia, immediate release from custody. Id. at 41-42.

## III. Analysis

### A. Zadvydas Claim and Due Process Claims

In Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Phan recognizes that the six-month period had not expired when he initiated this action; instead, he asks the Court to consider the filing date of

his Amended Petition when calculating the six-month period. See Reply at 2 ("[Phan] does not ask the Court to pretend six (6) months had elapsed on the original filing date; he asks the Court to adjudicate the same continuing detention as it exists now, after it matured beyond six (6) months during this action."). According to Phan, he "sought, and this Court granted, leave to file an Amended and Supplemental Petition" and therefore, "[t]he operative vehicle is [Federal] Rule [of Civil Procedure] 15(d), which permits supplemental pleading setting out later-occurring events and expressly allows supplementation 'even though the original pleading is defective in stating a claim or defense.'" Id. Phan argues that "[t]he Court should harmonize Akinwale with Rule 15(d), particularly where DHS transferred [Phan] outside this District after habeas jurisdiction was invoked and dismissal/refiling would elevate form over substance, complicate jurisdiction, reward that transfer, and unfairly prejudice [Phan]." Id. at 3.

Because ICE took Phan into custody less than 180 days prior to him filing this action, his claim under Zadvydas was not yet ripe, and the filing of the Amended Petition after the expiration of the six-month period does not change that historical fact. The Court is sympathetic to Phan's position; regardless, the Court is bound by Akinwale, which requires that the six-month period be expired when the petition is filed. Akinwale, 287 F.3d at 1052 (finding that the "six-month period . . . must have expired at the time [the petitioner's] § 2241

petition was filed in order to state a claim under Zadvydas"). While it is true that Akinwale did not address the particular circumstances present here, Phan does not cite to or address any case law that would suggest a deviation from Akinwale in this circumstance.

Further, as to Phan's attempt to raise freestanding procedural and substantive due process claims, when the Supreme Court confronted the constitutional contours of indefinite immigration detention in Zadvydas, it provided "a standard through which to judge indefinite-detention cases—the Zadvydas standard." Martinez v. Larose, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation." Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024).

Being bound by the Eleventh Circuit's opinion in Akinwale, this Court must also dismiss without prejudice Petitioner's due process claims. Indeed, allowing Petitioner to proceed on an independent due process claim at this point would be an end-run around Akinwale's requirement that the six-month presumptively reasonable period be expired prior to filing.

**B. OSUP Claims**

With respect to Phan's assertions that Respondents unlawfully revoked his OSUP, ICE may revoke an alien's OSUP if "[i]t is appropriate to enforce a removal order[.]" 8 C.F.R. § 241.4(l)(2)(iii). "Upon revocation," ICE must notify

an alien "of the reasons for revocation" and afford him "an initial informal interview promptly after his . . . return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1). Here, Phan's exhibits reflect that on the day ICE detained him, ICE provided him with a Notice of Revocation of Release, advising him that ICE was revoking his OSUP because "[i]t is appropriate to enforce [his] removal order," and provided him with an informal interview. Doc. 11-2 at 182–84. Thus, it appears that ICE complied with its regulations in revoking Phan's OSUP.

## IV. Conclusion

In sum, Phan's Zadvydas claim was premature when his initiated this action and the filing of the Amended Petition does not change that historical fact. Further, ICE followed its regulations when revoking his OSUP. Therefore, upon due consideration, the Court finds that Phan is not entitled to the relief he seeks in this action.

Accordingly, it is

**ORDERED**:

1. The Amended Petition (Doc. 11) is **DISMISSED without prejudice** as to Phan's Zadvydas and due process claims and **DENIED without prejudice** with respect to Phan's claims relating to the revocation of his OSUP.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 10/19
c:
Counsel of Record